Brent Cole
Marston & Cole, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
Tel: (907) 277-8001
Fax: (907) 277-8002
Email: cole@pobox.alaska.net
*Attorney for Plaintiff Alaska Stock, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA STOCK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOUGHTON MIFFLIN HARCOURT | ) |
| PUBLISHING COMPANY and | ) |
| R.R. DONNELLEY & SONS COMPANY, | ) |
| | ) |
| Defendants. | ) |

___

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)**
(jury trial demanded)
___

Plaintiff Alaska Stock, LLC ("Alaska Stock" or "Plaintiff") for its Complaint against Defendants Houghton Mifflin Harcourt Publishing Company ("Houghton") and R.R. Donnelley & Sons Company ("R.R. Donnelley") alleges:

### JURISDICTION AND VENUE

1. This is an action for injunctive relief, monetary damages, statutory damages, interest and attorney's fees under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## STATEMENT OF ACTION

4. This is an action for copyright infringement brought by Plaintiff Alaska Stock, the owner of all copyrights to the images described hereafter and originally licensed for limited use by Defendant Houghton, against Defendants for unauthorized and impermissible uses of Plaintiff's images.

## PARTIES

5. Alaska Stock is an Alaska Limited Liability Company with its principal place of business in Anchorage, Alaska. Alaska Stock licenses photographs on behalf of a number of photographers. In all licensing activities described in this Complaint, the photographers who created the images acted through Alaska Stock as their agent.

6. Houghton is a publisher with its primary offices in Boston, Massachusetts.

7. In December 2007, Houghton Mifflin Company acquired several divisions of another education publisher and renamed the merged company Houghton Mifflin Harcourt Publishing Company, which is the successor in interest to Houghton Mifflin Company, Houghton Mifflin Publishing, McDougal Littell, Harcourt Brace & Company, and Harcourt School Publishers.

8. Houghton sells and distributes textbooks in Alaska and throughout the United States, including through its former companies or divisions Houghton Mifflin Company, Houghton Mifflin Publishing, McDougal Littell, Harcourt Brace & Company, and

Harcourt School Publishers. Houghton sells and distributes certain textbooks in which Plaintiff's images are unlawfully reproduced as hereafter described. All references to Houghton in this Complaint include Houghton Mifflin Company, Houghton Mifflin Publishing, McDougal Littell, Harcourt Brace & Company, and Harcourt School Publishers.

9. R.R. Donnelley is the world's premier full-service printer with its global headquarters in Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

10. Alaska Stock is the owner and holder of all copyrights to the images listed on Exhibit A to this Complaint ("the Images"). The photographers who created the Images assigned their copyrights, including all right, title, and interest in any accrued or later accrued claims, causes of action, choses in action, or lawsuits brought to enforce copyrights in the Images, to Alaska Stock in or around 2008 and 2009. Each of the Images is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

11. Beginning in or around April 1995 and continuing through September 2007, a number of photographers, acting through their agent, Alaska Stock, sold Houghton limited licenses to copy and distribute a limited number of copies of the Images, as summarized on Exhibit A. Upon information and belief, and unbeknownst to Alaska Stock until 2008 or later, Houghton greatly exceeded the license limits, causing unauthorized reproductions of each of these Images to be made and distributed beyond the permissions granted.

12. Alaska Stock was induced to grant Houghton licenses to copy and distribute the

Images at the prices they charged because of Houghton's misrepresentation that it was seeking permissions for expressly limited use.

13. Upon information and belief, at the time it represented that it needed a certain number of copies of the Images, Houghton knew its actual use would greatly exceed that number. Upon information and belief, Houghton went on to cause printing in excess of the licensed number of copies, and continues to this day to use the Images in violation of Plaintiff's copyrights.

14. Upon information and belief, Houghton intended by its misrepresentations to obtain access to the Images at a lower cost than it would have paid had it been honest in its dealings with Alaska Stock.

15. Upon information and belief, in a fashion similar to its treatment of Alaska Stock, Houghton grossly understated the number of copies it needed when seeking permissions for hundreds of other paintings, photographs and illustrations in its textbooks.

16. Upon information and belief, Houghton's practice of requesting and paying for permission to print only a small fraction of the number of copies it knew it actually needed extends far beyond the publications in suit (*see* Exhibit A) to many other Houghton publications. While the lost licensing fee to any individual copyright holder may be relatively small, millions of these books have sold, generating billions of dollars in revenue. Houghton's business model, built upon a foundation of pervasive, willful copyright infringement, deprived Plaintiff and thousands of others their rightful compensation for the use of their creative work and unjustly enriched Houghton with outlandish profits in the process.

17. Houghton did not simply take the intellectual property of photographers, artists,

and illustrators without a license. Instead, it licensed the copyrighted works of others for low numbers of reproductions, but surreptitiously copied them many times beyond the agreed-upon license limit. This lulled licensors into a false sense of trust; if photographers saw their licensed works reproduced in a Houghton textbook, they suspected nothing untoward. And, the licensing of a specific number of copies created the expectation that additional uses by Houghton would be requested and paid for if more copies were made. By this contrivance Houghton fraudulently concealed its wrongdoing by throwing licensors, including the photographers, "off the scent."

18. Upon information and belief, R.R. Donnelley was the printer for the publications in suit, including the copies printed in excess of the licenses granted by the photographers to Houghton. R.R. Donnelley earned profits from such printings.

## COUNT I
## (COPYRIGHT INFRINGEMENT AGAINST HOUGHTON)

19. Plaintiff repeats and realleges paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth in full above.

20. The foregoing acts of Houghton constitute infringements of Plaintiff's copyrights, in violation of 17 U.S.C. § 501 *et seq.*

21. Plaintiff suffered damages as a result of Houghton's unauthorized use of the Images.

## COUNT II
## (COPYRIGHT INFRINGEMENT AGAINST R.R. DONNELLEY)

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth in full above.

23. The foregoing acts of R.R. Donnelley in printing the textbooks in suit constitute

infringements of Plaintiff's copyrights in the Images in violation of 17 U.S.C. § 501 *et seq.*

24. Plaintiff suffered damages as a result of R.R. Donnelley's unauthorized printings of the Images.

**WHEREFORE,** Plaintiff requests the following:

1. A permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell copies of Plaintiff's Images and to deliver to the Court for destruction or other appropriate disposition all materials, including textbooks and digital files representing the Images, in the control and possession of Defendants.

2. Actual damages and all profits derived from the unauthorized use and printing of Plaintiff's Images.

3. Statutory damages at Plaintiff's election.

4. Court costs, expert witness fees, interest, attorney's fees and all other amounts authorized under law.

5. For such other and further relief as the Court deems just and proper.

DATED: March 26, 2009.

Plaintiff Alaska Stock, LLC by its attorney,

/s/ Brent Cole
Brent Cole
Marston & Cole, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
Tel: (907) 277-8001
Fax: (907) 277-8002
Email: cole@pobox.alaska.net

Christopher Seidman
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: chrisseidman@qwestoffice.net
*Of Counsel*

Craig Wallace
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: craigwallace@qwestoffice.net
*Of Counsel*

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues permitted by law.