# EXHIBIT 1

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America
By:    REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
Email: rebecca.martin@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MUENCH PHOTOGRAPHY, INC.,                      :

                        Plaintiffs,            :        **STATEMENT OF INTEREST**
                                                        **OF THE UNITED STATES**
                                               :        **OF AMERICA**

            - v. -
                                               :        09 Civ. 2669 (LAP)

HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY AND RR DONNELLY :            **ECF CASE**
AND SONS COMPANY,

                                               :

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


        The United States of America ("United States" or "Government"), on behalf of the

Register of Copyrights, by its attorney, Preet Bharara, United States Attorney for the Southern

District of New York, files this Statement of Interest to attend to its interests in this action,

pursuant to 28 U.S.C. § 517[1].

_____

        [1] The Attorney General or any office of the Department of Justice may, by statutory right,
attend to the interests of the United States in any suit in which the United States is interested and
may conduct or argue any case in which it is interested.  28 U.S.C. § 517.

## PRELIMINARY STATEMENT

This Court invited the United States Copyright Office to submit a statement "detailing its position on whether the registration of an automated database covers 'any independently authored contribution in which all rights have been transferred to the claimant by the contributors,' as is suggested for registrations of single serial issues and group registrations of newspapers and newsletters in Copyright Office Circulars 62 and 62a, particularly where the individual contributor is not named on the registration form." November 23, 2009 Order at 1-2. The established practice of the Copyright Office since at least 1980 has been to permit the registration of collective works to cover the underlying contributions where the rights in those contributions belong to the claimant even though the individual contributors are not named in the registration form. A review of copyrights registered with the Copyright Office shows that well over 2.5 million serial works – and thus all the underlying contributions whose rights were transferred to the claimant – have been registered in accordance with this practice. As discussed below, automated databases that consist of independently copyrightable contributions qualify as collective works and thus, like all other collective works, may be registered pursuant to registration rules applicable to collective works.

## DISCUSSION

1.    **Legal Framework**

The Copyright Act of 1976, as amended (the "Copyright Act" or the "Act") provides that copyright protection may be extended to, inter alia, compilations. 17 U.S.C. § 103(a). Under the Act, a "compilation" is defined to be "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a

2

way that the resulting work as a whole constitutes an original work of authorship. The term

'compilation' includes collective works." 17 U.S.C. § 101.  A "collective work" is further

defined to be "a work, such as a periodical issue, anthology, or encyclopedia, in which a number

of contributions, constituting separate and independent works in themselves, are assembled into a

collective whole." Id.

   The Copyright Act provides that the copyright in "each separate contribution to a

collective work is distinct from copyright in the collective work as a whole," and that "in the

absence of an express transfer of the copyright or of any rights under it, the owner of copyright in

the collective work is presumed to have acquired only the privilege of reproducing and

distributing the contribution as part of that particular collective work, any revision of that

collective work, and any later collective work in the same series." 17 U.S.C. § 201 (emphasis

added).

   From time to time, the Copyright Office issues guidance to the public concerning,

inter alia, registration practices in the form of circulars.  Declaration of Nanette Petruzzelli

("Petruzzelli Declaration") ¶ 4.  In 1983, the Copyright Office issued Circular 62 to provide

guidance to the public on the office's practice concerning the registration of serial works – a type

of collective work.  Petruzzelli Declaration ¶ 4, Exh. B.  In every iteration of Circular 62, the

circular has stated that the claimant registering a serial may "claim copyright not only in the

collective work authorship for which the claimant is responsible but also in any independently

authored contributions in which all rights have been transferred to the claimant by the

contributors." Id. ¶ 5, Exh's. B (Circular 62 (1983)) at 4 and C (Circular 62 (2008)) at 2.

Circular 62 further provides that "[w]hen a serial issue includes independently authored

contributions in which all rights have been transferred in writing to the claimant of the entire

serial issue, it is not necessary to include the names of the contributors.  Whether those

contributors are listed or not, the copyright claim in the serial issue as a whole would extend to

those contributions." Petruzzelli Declaration, Exh. C (Circular 62 (2008)) at 3.  See also

Petruzzelli Declaration, Exh. B (Circular 62 (1983)) at 6 ("When a serial issue includes

independently authored contributions in which all rights have been transferred in writing to the

claimant of the entire serial issue, the names of the contributors may be given in Space 2 of Form

SE, but this information is not required.  Whether those contributors are listed or not, the

copyright claim in the serial issue as a whole would extend to those contributions.").[2]

     In addition to issuing regulations concerning, inter alia, the registration of

copyrights, see 17 U.S.C. § 702, the Copyright Office maintains administrative staff manuals

referred to as the Compendium of Office Practices I ("Compendium I") and "Compendium of

Office Practices II" ("Compendium II") for the general guidance of its staff in making

registrations and recording documents.  See 37 C.F.R. § 201.2(b)(7).  Compendiums I and II are

available for purchase, as well as inspection and copying.  Id.  Certain updated and revised

chapters are available on the Copyright Office website.  Id.

     Compendium II was initially completed in 1984 and sets forth the Copyright

Office's interpretations of its regulations and of the Copyright Act, as they concern examination

and registration of works.[3]  37 C.F.R. § 201.2(b)(7); Petruzzelli Declaration" at ¶ 3.  It has been

---

[2] Circular 62a, which contains guidance on the registration of newspapers and
newsletters, reflects the same practice.  See Petruzzelli Declaration, Ex. D (Circular 62a) at 3.

[3] Compendium II sets forth the Office's practices under the Copyright Act of 1976, which
has been in effect since January 1, 1978.   The Office's practices under the previous Copyright

cited and relied upon as the Copyright Office's interpretation of the Copyright Act and its regulations in numerous cases, and that interpretation has been accorded deference.  See Batjac Prod., Inc. v. Good Times Home Video Corp., 160 F.3d 1223, 1230-31 (9th Cir. 1998); Natkin v. Winfrey, 111 F. Supp.2d 1003, 1010 (N.D. Ill. 2000);  Compuserve Corp. v. Serena Int'l Software, Inc., 77 F. Supp. 2d 816, 822 (E.D. Mich. 1999); Jon Woods Fashion, Inc., No. 85 Civ. 3203, 1988 WL 38585, at *2-3 (S.D.N.Y. Apr. 19, 1988); Advanz Behavior Resource Management, Inc. v. Miraflor, 21 F. Supp. 2d 1179, 1183, 1187 (C.D. Cal. 1998); Custom Chrome, Inc. v. Ringer, 35 U.S.P.Q.2d 1714, 1717-18, 1995 WL 405690 (D.D.C. 1995); Micro Consulting, Inc. v. Zubeldia, 813 F. Supp. 1514, 1526 n.11 (W.D. Okla. 1990).  See also Shoptalk , Ltd. v. Concorde-New Horizons Co., 168 F.3d 586, 592 (2d Cir. 1999); Langman Fabrics v. Graff Californiawear, 160 F.3d 106, 114-15 (2d Cir. 1998).   The Second Circuit has noted more generally that the Copyright Office's interpretation of the requirements of the copyright law is entitled to deference.  See Morris v. Bus. Concepts, Inc., 283 F.3d 502, 505 (2d Cir. 2002) ("even where an agency's interpretation of law is not entitled to highly deferential treatment pursuant to Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), an agency interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency") (quoting United States v Mead Corp., 533 U.S. 218 (2001) (internal quotation marks omitted)).

---

Act, the Copyright Act of 1909, are set forth in Compendium I.

5

In 1988, Compendium II was revised to reflect, inter alia, the Copyright Office established practice with respect to registration of collective works and, in relevant part, provides as follows:

> **615.06 Name of author: collective work authorship**.
> A "collective work" is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole. See 17 U.S.C. § 101. Where a collective work is being registered, the application should name the author of the collective work. The names of the individual authors of separate contributions being registered as part of the claim need not be given on the application. The registration may cover (a) the collective work authorship, (b) any contribution created by the employee or other party commissioned by the author of a work made for hire, and (c) any other contributions that the claimant of the collective work obtained by transfer.

**2.      The Copyright Office Has Registered Over 2.5 Million Collective Works Pursuant to Long-Established Practice**

Since at least 1980, the Copyright Office has registered collective works to include within the scope of a single collective work copyright registration all of the constituent works in a collective work regardless of whether the authors of such works were listed on the registration form so long as all the rights to such works had been transferred to the claimant. Petruzzelli Declaration ¶ 3.  Since 1981, the Copyright Office has registered at least  2,501,435 collective works pursuant to this practice, and in so doing has extended copyright registration to many additional millions of constituent works owned by the claimants.[4]  Petruzzelli Declaration

---

[4] The actual figure is greater than 2,164,347.  The Copyright Office does not keep separate statistics on the number of collective works registered.  However, the Office does keep statistics on the number of serials that have been registered, and the Office's records indicate that 2,164,347 serials were registered from Fiscal Year 1984 through 2009.  Serials are merely a subset of collective works.  Petruzzelli Declaration ¶ 7.

6

¶ 7.

Section 615.06 of Compendium II makes the practice concerning registration of collective works explicit.  The provision is general in nature and does not exclude any particular type or types of works from its scope.  <u>See</u> Compendium II § 615.06.  Courts have routinely recognized the validity of such copyright protection.  <u>See, e.g.</u>, <u>Morris v. Business Concepts, Inc.</u>, 259F.2d 65, 68 (2d Cir. 1001) ("Under the law of this Circuit, where the owner of a copyright for a collective work also owns the copyright for a constituent part of that work, registration of the collective work is sufficient to permit an infringement action under § 411(a) for the constituent part"), <u>modifed on other grounds</u>, 283 F.3d 502 (2d Cir. 2002); <u>Woods v. Universal City Studios, Inc.</u>, 920 F. Supp. 62, 64 (S.D.N.Y. 1996) (registration of copyright for collective work satisfies requirements of 17 U.S.C. § 411(a) to bring copyright infringement action based on constituent parts where owner of copyright for collective work also owns constituent parts).

**3.    Where Automated Databases Are "Collective Works," the Copyright Office Applies the Registration Practices Set Forth in Section 615.06 of Compendium II**

Where automated databases constitute "collective works," the copyright registration of such databases extends to the underlying contributions so long as the claimant of the collective work is the owner of such contributions even where the contributions are not separately identified on the registration form.

An automated database is "a body of facts, data, or other information assembled into an organized format suitable for use in a computer and comprising one or more files." Circular 65 at 1.  <u>See, e.g.</u>, <u>Comcast Cable Communications Corp., LLC v. Finisar Corp.</u>, No. 06 Civ. 04206, 2007 WL 1052821, at *4 (N.D. Cal. Apr. 6, 2007) ("A 'database' is defined as 'a

7

structured collection of data held in computer storage'") (citing Oxford English Dictionary (2d. ed. 2001).  A straightforward reading of the Copyright Act shows that databases may be considered copyrightable as a form of compilation, i.e., "formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship," or as a form of "collective work" where it includes contributions that are "separate and independent works in themselves."  17 U.S.C. § 101.  Courts have held that such databases are copyrightable either as compilations or as collective works.  See, e.g., West Publishing Co. v. Mead Data Central, Inc., 799 F.2d 1219 (8th Cir. 1986), cert. denied, 479 U.S. 1070 (1987) (West's arrangement of legal decisions entails enough intellectual labor and originality to receive copyright protection); Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp., 878 F.Supp. 804, 810 (D.Md. 1995) (holding that "arrangement of the information in MCAR's MLS [automated] database, 'possesses at least some minimal degree of creativity'" and is thus copyrightable) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991)).  Cf. Tasini v. New York Times Co., 206 F.3d 161, 169 (2d Cir. 2000), aff'd, 533 U.S. 483 (2001) (holding that database containing individually retrievable articles is a "new anthology" or "different collective work").

Thus, where a database consists of, for instance, uncopyrightable facts or numbers, the database may be protectable as a compilation.  However, a database consisting of independently copyrightable works, such as photographs or newspaper articles, may constitute a collective work under the Copyright Act.  Because the practices set forth in Compendium II, § 615.06 apply to all collective works – regardless of type – those registration practices apply to the

8

registration of a database that qualifies as a collective work.  Accordingly, pursuant to this long

established practice, the registration of an automated database need not identify the constituent

parts of the database in order for those parts to be covered under the copyright registration of the

database as a collective work.[5]

Dated: January 19, 2010                    PREET BHARARA
       New York, New York                  United States Attorney

                              By:    /s/_____
                                     REBECCA C. MARTIN
                                     Assistant United States Attorney
                                     United States Attorney's Office
                                     86 Chambers Street, 3rd Floor
                                     New York, New York 10007
                                     Tel.: (212) 637-2714
                                     Email: rebecca.martin@usdoj.gov

---

[5] While Circulars 62 and 62a only apply to serial works and newspapers and thus do not apply to automated databases, the registration practices reflected in those circulars are derived directly from section 615.06 of Compendium II.

CERTIFICATE OF SERVICE

I, Rebecca C. Martin, an Assistant United States Attorney for the Southern District of
New York, hereby certify that on January 19, 2010, I directed that a copy of the foregoing Statement
of Interest and Declaration of Nanette Petruzzelli and accompanying exhibits be delivered by email
and first class mail upon the parties at the following addresses:

    David Yael Atlas
    Hernstadt Atlas, LLP
    11 Broadway
    Suite 615
    New York , NY 10004
    (212) 809-2502
    Fax: (212) 214-0307
    Email: david@heatlaw.com

    Maurice James Harmon
    Harmon & Seidman LLC
    The Pennsville School, 533 Walnut Dr.
    Northampton , PA 18067
    (610)-262-9288
    Fax: (610)-262-9288
    Email: maurice@mauriceharmon.com

    Kenneth Alan Plevan
    Skadden, Arps, Slate, Meagher & Flom LLP (NYC)
    Four Times Square
    42nd floor
    New York , NY 10036
    212-735-3000
    Fax: 917-777-3410
    Email: kplevan@skadden.com

Dated:    New York, New York
          January 19, 2010

                              /s/ Rebecca C. Martin
                              REBECCA C. MARTIN
                              Assistant United States Attorney
                              Tel.: (212) 637-2714

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America
By:     REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
Email: rebecca.martin@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MUENCH PHOTOGRAPHY, INC.,                    :

                        Plaintiffs,            :          09 Civ. 2669 (LAP)

                                               :          **ECF CASE**

            - v. -                             :

HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY AND RR DONNELLY :
AND SONS COMPANY,
                                               :
                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF NANETTE PETRUZZELLI

NANETTE PETRUZZELLI, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am the Associate Register for Registration and Recordation of the United States

Copyright Office (the "Copyright Office"). I submit this declaration in support of the Government's

Statement of Interest submitted in the above-captioned matter.

2.      Since 1980, the Copyright Office has permitted, as matter of practice, copyright

registrations of collective works to cover underlying contributions where the rights in those

contributions belong to the claimant even though the individual contributors are not named in the

registration form.

3.    A true and correct copy of selected portions of the Compendium of Office Practices II ("Compendium II") is attached hereto as Exhibit A. Compendium II was drafted by the Copyright Office for general guidance of its staff in making registrations and recording documents and was originally published by the Copyright Office in 1984 and has undergone periodic revisions since that time. Section 615.06 of Compendium II, concerning registration practices for collective works, was among certain revisions to Compendium II and published in 1988. Section 615.06 reflects the practice of the Copyright Office since at least 1980

4.    From time to time, the Copyright Office issues circulars to provide guidance concerning, inter alia, registration practices. In 1983, the Copyright Office issued the original version of Circular 62 on Copyright Registration for Single Serial Issues. A true and correct copy of Circular 62, as issued in 1983, is attached hereto as Exhibit B.

5.    The 1983 version of the circular states, inter alia, that "When a serial issue includes independently authored contributions in which all rights have been transferred in writing to the claimant of the entire serial issue, the names of the contributors may be given in Space 2 of Form SE, but this information is not required. Whether those contributors are listed or not, the copyright claim in the serial issue as a whole would extend to those contributions." See Exh. B at 6. This language has appeared in each of the succeeding iterations of Circular 62 and been substantively unchanged.

6.    True and correct copies of the current version of Circular 62 and Circular 62a are attached hereto as Exhibit C and D, respectively.

7.    The Copyright Office does not keep separate statistics on the number of collective works registered. However, the Office does keep statistics on the number of serials that have been

registered, and the Office's records indicate that 2,501,435 serials were registered from Fiscal Year 1981 through 2009. Serials are a subset of collective works.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Washington, DC
January 19, 2010

NANETTE PETRUZZELLA

# Exhibit A

COMPENDIUM II

COMPENDIUM

OF

COPYRIGHT OFFICE PRACTICES

Under the Copyright Law Which
Became Fully Effective on
January 1, 1978, Including
Title 17 of the United States
Code and Amendments Thereto



COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS
WASHINGTON, D. C. 20559

1984

615            Name of author.  (cont'd)

615.06            Name of author: collective work authorship.
                  A "collective work" is a work, such as a
                  periodical issue, anthology, or encyclopedia,
                  in which a number of contributions, consti-
                  tuting separate and independent works in
                  themselves, are assembled into a collective
                  whole.  See 17 U.S.C. 101.  Where a collec-
                  tive work is being registered, the applica-
                  tion should name the author of the collective
                  work.  The names of the individual authors of
                  separate contributions being registered as
                  part of the claim need not be given on the
                  application.  The registration may cover (a)
                  the collective work authorship, (b) any
                  contribution created by the employee or other
                  party commissioned by the author of a work
                  made for hire, and (c) any other contri-
                  butions that the claimant of the collective
                  work obtained by transfer.

615.07            Name of the author: form of name.  If the
                  work is not anonymous or pseudonymous, the
                  author's full legal name should be given; the
                  Copyright Office will not communicate with
                  the applicant, however, if the author's full
                  name is not given.  If a fuller form of the
                  author's name is given on the deposit mate-
                  rial, the Office may add that information to
                  the application by annotation.  Where the
                  work is made for hire, the name of the
                  employer or other person for whom the work
                  was prepared must be given as author.
                  Stating the name of the employee or com-
                  missioned party on the application is
                  optional, but where it is included, his or
                  her status should be clearly indicated, for
                  example:  "Freemont Enterprises, Inc.,
                  employer of L.B. Jeffries."

615.07(a)            Name of author: when required.  Gener-
                     ally, an application for a work that is
                     not anonymous or pseudonymous should give
                     the name of the author.  See section

Exhibit B

# Circular R62

## Copyright Registration for Serials on Form SE



# Copyright Registration for Serials on Form SE

## INTRODUCTION

This circular provides background information about the registration of copyright claims in serials using Form SE. It supplements, but does not replace, the line-by-line instructions given on Form SE.

## IN GENERAL

The Copyright Act of the United States (title 17, United States Code) provides for copyright protection in literary and artistic works. Under the copyright statute which became effective January 1, 1978, copyright is secured automatically when a work is created in a fixed medium.

Copyright registration is a legal formality intended to make a public record of the basic facts of a particular copyright; except in two specific situations,* registration is voluntary and is not a condition of copyright protection. Registration provides certain advantages, including establishing the public record, establishing the right to bring an infringement suit, and securing a broader range of remedies in infringement suits.

## SERIALS

For copyright purposes, serials are defined as works issued or intended to be issued in successive parts bearing numerical or chronological designations and intended to be continued indefinitely. The classification "serial" includes periodicals, newspapers, magazines, bulletins, newsletters, annuals, journals, and proceedings of societies, as well as other similar works.



## USE FORM SE TO REGISTER A SERIAL ISSUE

Serials should be registered on Form SE.

You can obtain application Form SE free of charge by sending a specific request, identifying the number of forms you need, to:

Information and Publications Section, LM-455
Copyright Office
Library of Congress
Washington, D.C. 20559

or by calling the Forms Hotline (202) 287-9100 and leaving a recorded message.

NOTE: A claim to copyright in a serial issue does not give blanket protection for other issues published under the same serial title. Each serial issue is considered a separate work for copyright purposes and should be registered separately. For example, registration of "vol. 1, no. 1" of *Country Doctor* applies only to that issue, and *not* to "vol. 1, no. 2."

---

*Works published with notice of copyright prior to January 1, 1978, must be registered and renewed during the first 28-year term of copyright to maintain protection.

Under sections 405 and 406 of the Copyright Act, copyright registration may be required to preserve a copyright that would otherwise be invalidated because the copyright notice was omitted from the published copies or phonorecords, or the name or year date was omitted, or certain errors were made in the year date.

## HOW TO REGISTER A SERIAL ISSUE

To register a serial issue, send the following three elements together in the same envelope or package to:

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

1. A properly completed and signed application Form SE (use typewriter or black ink); be sure that the date on which the application is signed is the same as or later than the date the serial issue was published.

2. A non-returnable filing fee of $10 (check, money order, or bank draft, not cash) payable to: Register of Copyrights.

3. Two copies of the serial issue to be registered. (Send only one copy of the serial issue if the issue is unpublished, or if the issue was "first published outside of the United States.)

If you plan to register many successive claims to copyright, you may wish to open a Deposit Account in the Copyright Office from which the $10 fee for each registration and other services may be paid. For further information about Deposit Accounts, write for Circular R5.



## SERIALS: THE AUTHOR AND COPYRIGHT CLAIMANT

The following information is provided to help the applicant determine how to complete the authorship and claimant portions of application Form SE.

### Authorship: Copyright Begins With the Author At Creation

At the time an original work is created in fixed form, copyright is automatically secured. At that moment, all the rights comprising that copyright belong to the author of the work. Those rights remain with the author unless the author specifically transfers them, in writing, to someone else. Ownership of the rights can change, but the fact of authorship—that is, who is the author of the work—remains the same regardless of who subsequently owns the rights that initially belonged to that author.

### Authorship: Work Made for Hire

Ordinarily, the person who actually creates the work is considered the author. However, the copyright law provides that in the case of a "work made for hire," the **employer** is the "author" of the work, and is therefore the initial owner of copyright unless the parties have expressly agreed otherwise. A "work made for hire" is either

- "A work prepared by an employee within the scope of his or her employment," or
- Under certain conditions as defined by the copyright law (section 101), a "specially ordered or commissioned work" where the parties have agreed in writing that the commissioned work shall be considered a "work made for hire."

"Made for hire" serials which fall into the first kind of "work made for hire" definition are characterized by employer-employee relationships in which the employees prepare the work within the scope of their employment, and the employer has the power to control or supervise the employees' work. This "work for hire" concept inherently requires that the employer be the initiating or motivating factor in causing the work to be created, and that the employer bear the expense of bringing the work into being. In those cases where an organization uses the efforts of volunteers in the creation of a work, the work may still be considered a "work made for hire" even though those volunteers were not specifically paid by the organization.

In conclusion, for the purpose of copyright registration, the author of a work is either the individual who, independently and in his/her own right, actually created the work, or in the case of a "work made for hire," the organization or individual who caused the work to be created. (See Sample Forms I and III.)

## Authorship: Collective Works

Most serials are collective works in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole. Two categories of authorship are inherent in the creation of collective works:
- Authorship of the collective work as a whole, and
- Authorship of the individual contributions to the collective work.

Authorship of the collective work as a whole includes the elements of revising, editing, compiling, and similar authorship that went into putting the work into final form.

While the author of a serial issue as a whole is sometimes an individual person, the author is more typically the organization (corporation, society, club) which directed the preparation of the serial issue as a whole. In the more typical case, the serial issue is a "work made for hire," and the employer's authorship includes not only the collective authorship (described above) but also any individual contributions which employees of the employer prepare while working within the scope of their employment.

## THE CLAIMANT AND THE EXTENT OF THE CLAIM

The copyright claimant in a serial issue is generally the person, organization, or legal entity authorized to claim copyright in the serial issue. The claimant in a serial issue is the author (often the "employer for hire"), if the serial issue is a "work made for hire" as described in the previous paragraphs.

The claimant registering a serial is entitled to claim copyright not only in the collective-work authorship for which the claimant is responsible (for example, the editing and compiling of the issue as a whole plus any individual contributions written by employees-for-hire of the author), but also in any independently authored contributions in which all rights have been transferred by the contributors to the serial issue claimant.

**Independently authored contributions in which all**

**rights have not been transferred by the contributor to the claimant in the serial issue as a whole**

If the serial issue includes any independently authored contributions in which all rights have *not* been transferred by the contributor to the claimant for the serial issue as a whole, those contributions are not included in the claim being registered in the serial issue because the claimant in the contribution is different from the claimant in the serial issue as a whole.

A separately authored contribution *can*, however, be registered for copyright independently. To register such a contribution, the contributor would need to file a separate claim using Form TX or other appropriate application form. (See Sample Form IV).

## HOW TO COMPLETE THE AUTHORSHIP AND CLAIMANT PORTIONS OF FORM SE

### Authorship—Space 2

Form SE is designed to capture the authorship information as simply as possible at Space 2. The applicant must decide who is the author of the serial issue covered by the claim (typically the author is a corporation or other legal entity), and check "yes" or "no" as to whether the material produced by that author is a "work made for hire." Therefore, in the case of the typical serial issue which is made for hire, the applicant should give at Space 2 the full legal name of the employer and check "yes" to show that the work was made for hire. (See Sample Form I).

### Collective Work Space—Space 2

To facilitate describing what material was created by the author, Form SE provides a choice of checking a box marked "Collective Work" or completing a blank labelled "Other." Checking the box marked "Collective Work" indicates authorship of the collective work as a whole (that is, the editing and compiling of the issue as a whole) plus any individual made-for-hire contributions written by employees of the author, and individual contributions in which all rights have been transferred to the collective author.

The applicant is not required to describe the authorship in more specific terms if the "Collective Work" box is checked. However, examples of authorship descriptions which could be given in lieu of checking the "Collective Work" box and which could apply both to organization and individual au-

thors include "text," "text and illustrations," "editorial revision, compilation, and additional new material."

## Authorship—Space 2 and Space 4 Transfer Statement

When a serial issue includes independently authored contributions in which all rights have been transferred in writing to the claimant of the entire serial issue, the names of the contributors may be given at Space 2 of Form SE, but this information is not required. Whether those contributors are listed or not, the copyright claim in the serial issue as a whole would extend to those contributions. (See Sample Forms II (a), (b), and (c).)

NOTE: If the applicant does elect to include on the form the names of those contributors who transferred their righ[t]
in the contributions to the serial claimant, then the applic[a]
tion *must* include at *Space 4* a brief transfer stateme[nt]
explaining how the rights were transferred: for example, "[by]
written agreement," or "by assignment."

As a general rule, whenever the name of the seri[al]
claimant at Space 4 of the application is not exactly th[e]
same as the name of the author at Space 2, a transf[er]
statement is required at Space 4. Conversely, when exact[ly]
the same name or names appear as author and claimant [at]
Spaces 2 and 4, there is no need to complete the "transfe[r]
space.

The following examples illustrate more specifically how t[o]
complete the author and claimant portions of Form SE.

Case 3:09-cv-00061-HRH   Document 42-2   Filed 01/21/10   Page 24 of 43

## Sample Form I

*Gardening Magazine* is published by the XYZ Publishing Company. The staff of the publishing company edits and compiles the magazine each month and also contributes certain articles to each month's issue. XYZ Publishing Co. wishes to register the June 1982 issue of the magazine.

**FORM SE**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

### 1
TITLE OF THIS SERIAL ▼

Gardening Magazine

| Volume ▼ | Number ▼ | Date on Copies ▼ | Frequency of Publication ▼ |
|----------|----------|------------------|----------------------------|
| 10 | 6 | June 1982 | Monthly |

PREVIOUS OR ALTERNATIVE TITLES ▼

### 2
**a** NAME OF AUTHOR ▼

XYZ Publishing Company

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☒ Collective Work       Other:

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work       Other:

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work       Other:

### 3
YEAR IN WHICH CREATION OF THIS ISSUE WAS COMPLETED
1982
This information must be given in all cases.

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR ISSUE
Complete this information ONLY if this work has been published.
Month ▶ June   Day ▶ 1   Year ▶ 1982
Nation ▶ U.S.A.

### 4
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

XYZ Publishing Company
29 Publishers Row
Somewhere, U.S.A. 00000

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

See instructions before completing this space.

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-11) on the reverse side of this page
• See detailed instructions
• Sign the form at line 10

DO NOT WRITE HERE

Page 1 of _____ pages

## Sample Form II (a)

The July issue of *Gardening Magazine* contains an article written by Sharon Rose. When XYZ Publishing Company completes a Form SE for that issue, they want to show that their claim includes not only the collective-work authorship as usual, but also the article by Ms. Rose who has assigned all rights in that article to XYZ Publishing Company. For registration purposes, the Copyright Office will accept an application reflecting this fact situation in any of the ways illustrated by Sample Forms II (a), (b), and (c).

---

**FORM SE**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS SERIAL ▼

Gardening Magazine

| Volume ▼ | Number ▼ | Date on Copies ▼ | Frequency of Publication ▼ |
|---|---|---|---|
| 10 | 7 | July 1982 | Monthly |

PREVIOUS OR ALTERNATIVE TITLES ▼

**2** NAME OF AUTHOR ▼

**a** XYZ PUBLISHING COMPANY

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☒ Collective Work   Other:

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**3** YEAR IN WHICH CREATION OF THIS ISSUE WAS COMPLETED  This information must be given in all cases.
1982 ◀ Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR ISSUE
Complete this information ONLY if this work has been published.
Month ▶ July  Day ▶ 1  Year ▶ 1982
U.S.A. ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

XYZ Publishing Company
29 Publishers Row
Somewhere, U.S.A. 00000

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

See instructions before completing this space.

MORE ON BACK ▶
• Complete all applicable spaces (numbers 5-11) on the reverse side of this page
• See detailed instructions
• Sign the form at line 10

DO NOT WRITE HERE

Page 1 of ____ pages

Case 3:09-cv-00061-HRH   Document 42-2   Filed 01/21/10   Page 26 of 43

## Sample Form II (b)

The July issue of *Gardening Magazine* contains an article written by Sharon Rose. When XYZ Publishing Company completes a Form SE for that issue, they want to show that their claim includes not only the collective-work authorship as usual, but also the article by Ms. Rose who has assigned all rights in that article to XYZ Publishing Company. For registration purposes, the Copyright Office will accept an application reflecting this fact situation in any of the ways illustrated by Sample Forms II (a), (b), and (c).

---

**FORM SE**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS SERIAL ▼

Gardening Magazine

| Volume ▼ | Number ▼ | Date on Copies ▼ | Frequency of Publication ▼ |
|---|---|---|---|
| 10 | 7 | July 1982 | Monthly |

PREVIOUS OR ALTERNATIVE TITLES ▼

**2** NAME OF AUTHOR ▼

**a** XYZ Publishing Company

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☒ Collective Work     Other:

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼

**b** Sharon Rose

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work     Other: text of one article

NAME OF AUTHOR ▼

**c**

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work     Other:

**3** YEAR IN WHICH CREATION OF THIS ISSUE WAS COMPLETED This information must be given in all cases.
1982 ◄ Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR ISSUE
Complete this information ONLY IF this work has been published.
Month ▶ July Day ▶ 1 Year ▶ 1982
U.S.A. ◄ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

XYZ Publishing Company
29 Publishers Row
Somewhere, U.S.A.   00000

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼
Assignment of copyright in one article

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

MORE ON BACK ▶
• Complete all applicable spaces (numbers 5-11) on the reverse side of this page
• See detailed instructions
• Sign the form at line 10

DO NOT WRITE HERE
Page 1 of _____ pages

## Sample Form II (c)

The July issue of *Gardening Magazine* contains an article written by Sharon Rose. When XYZ Publishing Company completes a Form SE for that issue, they want to show that their claim includes not only the collective-work authorship as usual, but also the article by Ms. Rose who has assigned all rights in that article to XYZ Publishing Company. For registration purposes, the Copyright Office will accept an application reflecting this fact situation in any of the ways illustrated by Sample Forms II (a), (b), and (c).

---

# FORM SE
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1
**TITLE OF THIS SERIAL ▼**

Gardening Magazine

| Volume ▼ | Number ▼ | Date on Copies ▼ | Frequency of Publication ▼ |
|---|---|---|---|
| 10 | 7 | July 1982 | Monthly |

**PREVIOUS OR ALTERNATIVE TITLES ▼**

## 2
**NAME OF AUTHOR ▼**

**a** XYZ Publishing Company

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☒ Collective Work   Other:

### NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**b**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**NAME OF AUTHOR ▼**

**c**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

## 3
**YEAR IN WHICH CREATION OF THIS ISSUE WAS COMPLETED**  This information must be given in all cases.
1982  ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR ISSUE**
Complete this information ONLY if this work has been published.
Month ▶ July   Day ▶ 1   Year ▶ 1982
U.S.A  ◀ Nation

## 4
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

XYZ Publishing Company
29 Publishers Row
Somewhere, U.S.A.  00000

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

Assignment of copyright in one article

DO NOT WRITE HERE / OFFICE USE ONLY

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-11) on the reverse side of this page
• See detailed instructions
• Sign the form at line 10

DO NOT WRITE HERE

Page 1 of _____ pages

## Sample Form III

John Smith publishes *Smithtown Happenings* and employs a staff to compile and edit articles and to write certain portions of the magazine. Mr. Smith files an application to register the Summer '82 issue of his serial. He lists himself as "employer for hire" to indicate that the work was prepared by employees under his direction.

**FORM SE**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS SERIAL ▼

Smithtown Happenings

| Volume ▼ | Number ▼ | Date on Copies ▼ | Frequency of Publication ▼ |
| III | 3 | Summer 1982 | quarterly |

PREVIOUS OR ALTERNATIVE TITLES ▼

**2** NAME OF AUTHOR ▼

**a** John Smith, employer for hire

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☒ Collective Work   Other:

NAME OF AUTHOR ▼

**b**

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

NAME OF AUTHOR ▼

**c**

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**3** YEAR IN WHICH CREATION OF THIS ISSUE WAS COMPLETED   This information must be given in all cases.
1982  ◀ Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR ISSUE
Complete this information ONLY if this work has been published.
Month ▶ June   Day ▶ 6   Year ▶ 1982
U.S.A   ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

John Smith
Main Street
Smithtown, U.S.A.  00000

See instructions before completing this space.

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-11) on the reverse side of this page
• See detailed instructions          • Sign the form at line 10

DO NOT WRITE HERE

Page 1 of _____ pages

**Sample Form IV**

Mary Jones wrote an article that was published in the Summer '82 edition of *Smithtown Happenings*. She did *not* transfer all rights in her article to the publisher John Smith: instead she merely gave Smith the right of first publication of the article. Mary Jones now wants to register her copyright claim in the article. She completes page 1 of Application Form TX, as illustrated in Sample Form IV.

---

# FORM TX
### UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

| TX | | TXU |
|---|---|---|

**EFFECTIVE DATE OF REGISTRATION**

| Month | Day | Year |
|---|---|---|

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1
**TITLE OF THIS WORK ▼**

How To Be A Success In Life

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

Smithtown Happenings

If published in a periodical or serial give: **Volume ▼** III   **Number ▼** 3   **Issue Date ▼** Summer 1982   **On Pages ▼** 12-16

---

## 2
**NAME OF AUTHOR ▼**

**a** Mary Jones

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
entire text of article

**NAME OF AUTHOR ▼**

**b**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**c**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

## 3
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1982 ◄ **Year**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ June   Day ▶ 6   Year ▶ 1982
U.S.A. ◄ **Nation**

## 4
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

Mary Jones
Author's Street
Smithtown, U.S.A. 00000

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

**APPLICATION RECEIVED**

**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 10.

DO NOT WRITE HERE

Page 1 of _____ pages

## THE COPYRIGHT NOTICE

For published works, the law provides that a copyright notice in a specified form "shall be placed on all publicly distributed copies from which the work can be visually perceived." The copyright owner is responsible for putting the copyright notice on the work; the copyright owner does not need to obtain permission from the Copyright Office to do this.

The required form of the notice for copies generally consists of three elements:

1. The symbol © (the letter C in a circle), or the word "Copyright," or the abbreviation "Copr."
2. The year of first publication of the work.
3. The name of the owner of copyright.

Example: "© 1981 National News Publishers, Inc."

The notice is to be affixed to the copies "in such manner and location to give reasonable notice of the claim of copyright."

The Copyright Office has issued regulations concerning the form and position of the copyright notice in the Code of Federal Regulations (37 C.F.R. Part 201); these regulations are available from the Copyright Office as Circular R96, Section 201.20.

According to the regulations, any of the following locations for the copyright notice are acceptable for serials:

(i) as a part of, or adjacent to, the masthead;

(ii) on the page containing the masthead if the notice is reproduced prominently and is set apart from the other matter appearing on the page; or

(iii) adjacent to a prominent heading, appearing at or near the front of the issue, containing the title of the periodical or serial and any combination of the volume and issue number and date of the issue.

In addition, all of the following locations which generally pertain to books are also acceptable locations for the copyright notice on serials:

(1) The title page, if any;

(2) The page immediately following the title page, if any;

(3) Either side of the front cover, if any; or, if there is no front cover, either side of the front leaf of the copies;

(4) Either side of the back cover, if any; or, if there is no back cover, either side of the back leaf of the copies;

(5) The first page of the main body of the work;

(6) The last page of the main body of the work;

(7) Any page between the front page and the first page of the main body of the work, if: (i) There are no more than ten pages between the front page and the first page of the main body of the work; and (ii) the notice is reproduced prominently and is set apart from other matter on the page where it appears;

(8) Any page between the last page of the main body of the work and back page, if: (i) There are no more than ten pages between the last page of the main body of the work and the back page; and (ii) the notice is reproduced prominently and is set apart from the other matter on the page where it appears.

The following regulation applies to the placement of the copyright notice on copies of separate contributions to collective works when the individual wishes the contribution to "bear its own notice of copyright":

(f) Contributions to Collective Works. For a separate contribution to a collective work to be considered to "bear its own notice of copyright," as provided by 17 U.S.C. 404, a notice reproduced on the copies in any of the following positions is acceptable:

(1) Where the separate contribution is reproduced on a single page, a notice is acceptable if it appears: (i) Under the title of the contribution on that page; (ii) adjacent to the contribution; or (iii) on the same page if, through format, wording, or both, the application of the notice to the particular contribution is made clear;

(2) Where the separate contribution is reproduced on more than one page of the collective work, a notice is acceptable if it appears: (i) Under a title appearing at or near the beginning of the contribution; (ii) on the first page of the main body of the contribution; (iii) immediately following the end of the contribution; or (iv) on any of the pages where the contribution appears, if: (A) The contribution is reproduced on no more than twenty pages of the collective work; (B) the notice is reproduced prominently and is set apart from other matter on the page where it appears; and (C) through format, wording, or both, the application of the notice to the particular contribution is made clear;

(3) Where the separate contribution is a musical work, in addition to any of the locations listed in paragraphs (f)(1) and (2) of this section, a notice is acceptable if it is located on the first page of music of the contribution;

(4) As an alternative to placing the notice on one of the pages where a separate contribution itself appears, the contribution is considered to "bear its own notice" if the notice appears clearly in juxtaposition with a separate listing of the contribution by title, or if the contribution is untitled, by a description reasonably identifying the contribution: (i) on the page bearing the copyright notice for the collective work as a whole, if any; or (ii) in a clearly identified and readily-accessible table of contents or listing of acknowledgements appearing near the front or back of the collective work as a whole.

**Copyright Office • Library of Congress • Washington, D.C. 20559**

March 1983—30,000

☆U.S. GOVERNMENT PRINTING OFFICE: 381-279/551

Exhibit C



# Copyright
United States Copyright Office

# Copyright Registration for Single Serial Issues

This circular provides background information about the registration of copyright claims in single serial issues.

For information on group registration for daily newspapers and newsletters, see Circular 62A, *Group Registration of Newspapers and Newsletters on Form G/DN*, and Form G/DN. For information on group registration for weekly or monthly serials, see Circular 62B, *Group Registration for a Group of Serial Issues*.

## Serials

For copyright purposes, serials are defined as works issued or intended to be issued in successive parts bearing numerical or chronological designations and intended to be continued indefinitely. The classification "serial" includes periodicals, newspapers, magazines, bulletins, newsletters, annuals, journals, proceedings of societies, and other similar works.

## Definitions

### Work Made for Hire

A "work made for hire" is a work prepared by an employee within the scope of his or her employment, or a work specially ordered or commissioned for certain uses (including use as a contribution to a collective work), if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. The employer is the author of a work made for hire.

### Collective Work

A "collective work" is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole.

## How to Register a Single Issue

Here are the options for registering your copyright, beginning with the fastest and most cost-effective method.

### Option 1: Online Registration

Online registration through the electronic Copyright Office (eCO) is the preferred way to register single serial issues. Advantages of online filing include

- a lower filing fee

Case 3:09-cv-00061-HRH   Document 42-2   Filed 01/21/10   Page 35 of 43

- fastest processing time
- online status tracking
- secure payment by credit or debit card, electronic check, or Copyright Office deposit account
- the ability to upload certain categories of deposits directly into eCO as electronic files

**NOTE:** You can still register using eCO and save money even if you will submit a hard-copy deposit, which is required under the mandatory deposit requirements for published works. The system will prompt you to specify whether you intend to submit an electronic or a hard-copy deposit, and it will provide instructions accordingly. Hard-copy deposits are required for all published works.

To access eCO, go to the Copyright Office website at *www. copyright.gov* and click on *electronic Copyright Office.*

### Option 2: Registration with Fill-In Form CO

The next best option for registering single serial issues is the new fill-in Form CO. Using 2-D barcode scanning technology, the Office can process these forms much faster and more efficiently than paper forms completed manually. Simply complete Form CO on your personal computer, print it out, and mail it along with a check or money order and your deposit. To access Form CO, go the Copyright Office website and click on *Forms.* Do not save your filled-out Form CO and reuse it for another registration. The 2-D barcode it contains is unique for each work that you register.

**NOTE:** Make sure your Form CO has a 2-D barcode on each page. Do not use screen shots to create your Form CO.

### Option 3: Registration with Paper Forms

Paper versions of forms are still available. The paper forms are not accessible on the Copyright Office website; however, staff will send them to you by postal mail upon request. Remember that online registration through eCO and fill-in Form CO can be used for these types of applications.

### Mailing Addresses for Applications Filed on Paper and for Hard-copy Deposits

*Library of Congress*
*U.S. Copyright Office-SE*
*101 Independence Avenue SE*
*Washington, DC 20559-6226*

**NOTE:** A claim to copyright in a single issue does not give blanket protection for other issues published under the same serial title. Each serial issue is considered a separate work for copyright purposes.

## The Claimant and the Extent of the Claim

The copyright claimant is the person, organization, or legal entity authorized to claim copyright in the serial issue. The claimant is the author or the person or organization to whom all rights have been transferred.

The claimant registering a serial may claim copyright not only in the collective-work authorship for which the claimant is responsible but also in any independently authored contributions in which all rights have been transferred to the claimant by the contributors.

If the serial issue includes any independently authored contributions in which all rights have *not* been transferred by the contributor to the claimant for the serial issue as a whole, those contributions are not included in the claim being registered, because the claimant in these contributions is different from the claimant in the entire serial issue.

A separately authored contribution *can*, however, be registered for copyright independently. To register such a contribution, the contributor should file a separate claim.

## How to Complete the Application

### Author Information

The applicant must determine who is the author of the serial issue covered by the claim and whether the material produced by that author is a "work made for hire." Where the author is a corporation or other organization, the application must indicate that the work was "made for hire." Therefore, in the case of the typical serial issue that is made for hire, the applicant should give the full legal name of the employer and check "yes" to show that the work was made for hire.

### Author Created

In most cases, the preferred description of the authorship in a serial issue is "collective work that may include text, editing, compilation, and contribution(s) in which copyright has been transferred to the claimant." A more specific statement is not generally necessary but may be given if appropriate. If you use online registration or Form SE, check the "collective work ..." box. If you use Form CO, simply state "collective work" at the "other" line. The full statement is not required.

### Copyright Claimant and Transfer

Give the full legal name and address of the claimant for the serial issue as a whole.

When the same name or names appear as author and claimant, there is no need to complete the "transfer" space.

Conversely, whenever the name of the serial claimant is different from the name of the author, a transfer statement is required.

When a serial issue includes independently authored contributions in which all rights have been transferred in writing to the claimant of the entire serial issue, it is not necessary to include the names of the contributors. Whether those contributors are listed or not, the copyright claim in the serial issue as a whole would extend to those contributions.

**NOTE:** If the application includes the names of those contributors who transferred their rights to the serial claimant, the application **must** include a brief transfer statement explaining how the rights were transferred, for example, "by written agreement."

## Notice of Copyright

Before March 1, 1989, the use of the copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notice.*

## Mandatory Deposit

Under the mandatory deposit provisions of the copyright law, two complete copies of the best edition of each issue of a serial published in the United States must be sent to the Copyright Office for the use of the Library of Congress. If registration is made, this requirement is automatically satisfied. If registration is not made, the two copies must be sent directly to the Copyright Acquisitions Division. (Registration is not mandatory.) It is the responsibility of the owner of copyright or the owner of the exclusive right of publication to fulfill this mandatory deposit requirement within three months after the date of publication in the United States. Failure to make the deposit can result in fines and other penalties.

Deposits of works that are not being registered should be sent to:

*Library of Congress
Copyright Office-407 Serials
101 Independence Avenue SE
Washington, DC 20559-6602*

If applicable, a copy of the mandatory deposit notice must also be included with the submission.

The mandatory deposit requirement also applies to works first published abroad that have subsequently been published in the United States. Copyright Office regulations, however, permit the deposit of one copy of a "foreign work," that is, a work first published abroad that is later distributed in the United States without a change in copyrightable content, if (a) registration for the work is made before the work is distributed in the United States, or (b) registration for the work is made after the work is distributed in the United States but *before a demand* for deposit is *made by this Office.* If registration is not made, or if it is made after a demand, then two copies must be deposited. Failure to make the deposit can lead to fines and other penalties.

## How to Obtain an ISSN Number

Obtaining an International Standard Serial Number (ISSN) is separate from copyright registration. The Copyright Office does not administer ISSN assignment. For information about obtaining an ISSN, write to *Library of Congress, National Serials Data Program, Serial Record Division, 101 Independence Avenue SE, Washington, DC 20540-4160.* Or obtain information from the Library of Congress website at *www.loc.gov/issn.*

## For Further Information

### By Internet

Circulars, announcements, regulations, certain application forms, and other materials are available from the Copyright Office website at *www.copyright.gov.*

### By Telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. If you want to request paper application forms or circulars, call the Forms and Publications Hotline at (202) 707-9100 and leave a recorded message.

### By Regular Mail

Write to:

*Library of Congress
Copyright Office-COPUBS
101 Independence Avenue SE
Washington, DC 20559-6304*

U.S. Copyright Office · The Library of Congress · 101 Independence Avenue, SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 62   REV:10/2008   PRINT:10/2008—30,000   Printed on recycled paper                    U.S. GOVERNMENT PRINTING OFFICE:2008-339-733/80,007

Exhibit D





## IN GENERAL

This circular provides information about how to register a group of newspaper or newsletter issues on Form G/DN. The requirements for group registration of newspapers and newsletters are different, as explained below.

## NEWSPAPERS

**A group of newspaper issues may be registered on Form G/DN only if all the following conditions are met:**

1. The work must be a daily newspaper.
2. The claim must include all issue dates within the calendar month within the same year.
3. The applicant must submit a complete month's issues in microfilm form, unless specifically exempted.
4. Each issue essentially must be an all-new collective work.
5. The work must be a work made for hire.
6. The author and claimant must be the same person or organization.
7. The application must be filed within 3 months after the last publication date included in the group.

## What to Deposit—Newspapers

The application must be accompanied by a deposit of a positive 35mm silver-halide microfilm that includes all issues within the calendar month. Final editions are required when two or more daily editions are published. In some cases, the publisher may be exempted from sending the microfilm by the Copyright Acquisitions Division of the Copyright Office. The Copyright Acquisitions Division will notify the publisher if a newspaper is exempted. For an exempted newspaper, an optional deposit may accompany the application. This deposit should consist of (1) complete print copies of the first and last issues of the month **or** (2) print copies of the first section of the first and last issues of the month **or** (3) print copies of the first page of the first and last issues of the month.

## NEWSLETTERS

**A group of newsletter issues may be registered on Form G/DN only if all the following conditions are met:**

1. The work must be a daily newsletter.

2. The work must be a "work made for hire," and the author and claimant must be the same person or organization.

3. Each issue must be an essentially all-new collective work or all-new issue that has not been published before.

4. The application must be filed within 3 months after the last publication date included in the group.

5. The claim must include two or more issues within a single calendar month within the same year.

6. All issues in the group must have been first published on or after July 1, 1999.

7. The applicant must submit one complete copy of each issue in the group with the application. The applicant must also provide one microfilm copy or up to two free subscriptions, only if specifically requested by the Copyright Acquisitions Division.

## What to Deposit—Newsletters

In all cases, one complete copy of each issue included in the group must accompany the Form G/DN. If the newsletter is published only online, one complete print-out of each issue, or a computer disk (or CD-ROM) containing all the issues **and** a print-out of the first and last issues included in the group, must be sent.

Additional material must be sent **only if specifically requested by the Copyright Acquisitions Division**. The request will specify the nature of the additional material, which will be either (1) one microfilm copy meeting the specifications given above for newspapers, or (2) one or two complimentary subscriptions for the Library of Congress. **IMPORTANT:** The microfilm or subscriptions should be sent to a separate address specified in the request from the Copyright Acquisitions Division. This material should not be sent with Form G/DN. Unless expressly requested, no microfilm or subscription copies are required.



## DEFINITIONS

### What Is a Newspaper?

As defined by the Newspaper Section of the Serials and Government Publications Division of the Library of Congress, works classified as newspapers are serials mainly designed to be a primary source of written information on current events, either local, national, or international in scope. Newspapers contain a broad range of news on all subjects and activities and are not limited to any specific subject matter. Newspapers are intended either for the general public or for a particular group.

### What Is a Daily Newsletter?

For registration purposes, a daily newsletter is defined as "a serial published and distributed by mail or electronic media (online, telefacsimile, cassette tape, diskette, or CD-ROM). Publication must occur at least 2 days per week, and the newsletter must contain news or information of interest chiefly to a special group (for example, trade and professional associations, employees of a corporation, schools, colleges, and churches)." Daily newsletters are customarily sold by subscription and are not available on newsstands.

**NOTE: GROUP REGISTRATION** for newsletters published weekly or monthly may be available using Form SE/GROUP. See Circular 62, "Copyright Registration for Serials on Form SE," for more information.

Case 3:09-cv-00061-HRH   Document 42-2   Filed 01/21/10   Page 41 of 43

## What Is a Collective Work?

The term "collective work" refers to a work, such as a serial issue, in which a number of contributions are assembled into a collective whole.

## What Is Publication?

The copyright law defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." A work is also "published" if there has been an "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display."

## What Is a Work Made for Hire?

A "work made for hire" is defined as (1) a work prepared by an employee within the scope of his or her employment or (2) a work specially ordered or commissioned for certain uses (including use as a contribution to a collective work), if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. The employer is the author of a work made for hire.

## WHAT THE REGISTRATION COVERS

For each issue in the group, registration on Form G/DN includes all the material in which the claimant named at space 2 owns the copyright. This includes the authorship of compiling and editing the work as a whole as well as the content of any contributions (e.g., text or photos) done by employees of the claimant as "works made for hire." In addition, it includes any independently authored contributions (not done by employees) in which all rights have been transferred to the claimant by the contributors. These other contributions are included even though the individual contributors are not named on Form G/DN. The registration does not include any independently authored contributions in which all rights have **not** been transferred to the claimant.

## HOW TO REGISTER

Send the following three items together in the same envelope or package:
1. completed and signed Form G/DN
2. deposit (see above)
3. $55 filing fee

Send this material to:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000



## FOR FURTHER INFORMATION

**Information via the Internet:** Frequently requested circulars, announcements, regulations, other related materials, and all copyright application forms including Form G/DN are available via the Internet. You may access these from the Copyright Office Website at www.loc.gov/copyright

**Information by fax:** Circulars and other information (but not application forms) are available by using a touchtone phone to access Fax-on-Demand at (202)707-2600.

**Information by telephone:** For general information about copyright, call the Copyright Public Information Office at (202)707-3000. The TTY number is (202)707-6737. Information specialists are on duty from 8:30 a.m. to 5:00 p.m., eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them from the Forms and Publications Hotline at (202)707-9100 24 hours a day. Leave a recorded message.

**Information by regular mail:** Write to:
Library of Congress
Copyright Office
Publications Section, LM-455
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000



**Library of Congress • Copyright Office • 101 Independence Avenue, S.E. • Washington, D.C. 20559-6000**
**www.loc.gov/copyright**

REV: December 1999 — 30,000
WEB REV: December 1999

PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/92