```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF ALASKA


ALASKA STOCK, LLC,                  )
                                    )
                    Plaintiff,      )
                                    )
         vs.                        )
                                    )
HOUGHTON MIFFLIN HARCOURT           )
PUBLISHING COMPANY and              )
R.R. DONNELLEY & SONS COMPANY,      )
                                    )   No. 3:09-cv-0061-HRH
                    Defendants.     )
_____)
```

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiff's complaint.[1] This motion is opposed.[2] Oral argument was requested and has been heard.

Facts

Plaintiff is Alaska Stock, LLC. Defendants are Houghton Mifflin Harcourt Publishing Company (HMH) and R.R. Donnelley & Sons Company.

Plaintiff is a stock photography agency. HMH is a textbook publisher, and Donnelley prints textbooks published by HMH.

---

[1]Docket No. 57.

[2]Docket No. 59.

-1-

As a stock photography agency, plaintiff collects, registers, and administers compilations[3] of others' photographs. Plaintiff has obtained copyright registrations for its compilations.[4] Plaintiff registers its compilations as either automated databases or CD-ROMS. The compilations which plaintiff has registered consist of individual photographs which plaintiff did not author. The compilations each contain between 500 and 6,000 photographs created by approximately 106 individual authors. Each registration lists plaintiff as the "copyright claimant" and as one of the authors of the work being registered. Each registration also includes a title for the work being registered. The title for each registration differs, but most of them are "Alaska Stock group registration for automated database"[5] or something very similar. Each registration also lists the names of three authors of the individual photographs contained in the compilation. But, in many of the registrations, it is also disclosed that there was a significantly larger number of other authors who

---

[3] "A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101.

[4] Plaintiff originally referenced 20 registration numbers, but now contends that only fourteen registrations are in-suit and refers to the list of registration numbers in Exhibit 2 to Docket No. 30. That list includes the following twelve registration numbers: VA 1-240-079; VA 1-066-095; VA 1-338-769; VA 1-316-377; VA 1-295-913; VA 1-287-885; VA 1-220-462; VA 1-393-399; VA 1-340-258; VA 1-240-636; VA 553-061; and VA 1-349-182.

[5] See Registration No. VA 553-061, Exhibit A, Declaration of J. Russell Jackson, Docket No. 58.

were not named.⁶  The registrations do not disclose -- and with what is currently before the court, it is not known -- which individual photograph was authored by a particular photographer, named or unnamed.  The registrations also do not list a title for any of the individual photographs contained in any of the compilations.  Finally, although the copy of the registrations that are in the public catalog do not state how plaintiff obtained ownership of the copyrights to the individual photographs, the Certificate of Registrations indicate that it was by means of a transfer agreement.⁷

Plaintiff contends that its registrations were accomplished by following a procedure approved by the Copyright Office.  For purposes of the instant motion, the court assumes that plaintiff believed that the registration of its compilations also effected a registration of the copyright for each individual photograph because it was following a procedure that had been approved by the Copyright Office.⁸

In its complaint, plaintiff alleges that it issued licenses to HMH to publish certain photographs, that those licenses contained quantitative limits, and that defendants exceeded those quantitative

---

⁶See, e.g., Registration Number VA 901-203, Exhibit B, Jackson Declaration, Docket No. 58 (listing authors as plaintiff, "Jeff Schultz, Chris Arend, Johnny Johnson & 84 others").

⁷See Exhibit 1 to Declaration of Craig Wallace, Docket No. 60, which contains the registration certificates for the copyrights-in-suit.

⁸Because the court makes this assumption, it did not consider the declaration of Nancy Wolff which was submitted by plaintiff.

limits.  Plaintiff's complaint asserts a single cause of action for copyright infringement.  Although plaintiff originally alleged that defendants infringed the copyrights as to each of the eighty-three photographs listed in Exhibit A to its complaint, it voluntarily dismissed the claims as to five of the photographs in connection with a prior motion to dismiss.[9]

With the help of Title 17, United States Code, Section 411(b)(1), plaintiff argues that its registration of its compilations also effected the registration of the copyrights for each individual image in the compilation.  Defendants argue that plaintiff's registrations of its compilations did not effect registration of the individual works that make up the compilation, and that plaintiff is therefore foreclosed from suing for copyright infringement based upon 17 U.S.C. § 411(a).  Thus, defendants now move to dismiss plaintiff's complaint.

### Discussion

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  "When ruling on a motion to dismiss, [the court] may 'generally consider only allegations contained in the pleadings[.]'" Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007) (quoting Swartz

---

[9] See Plaintiff's Response to Defendants' Motion to Dismiss at 2 and n.1, Docket No. 30.

v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)). However, the court "may [also] consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."[10] Swartz, 476 F.3d at 763. In evaluating a motion to dismiss, the court "accept[s] the plaintiff['s] allegations as true and construe[s] them in the light most favorable to plaintiff[], and will hold a dismissal inappropriate unless the plaintiff['s] complaint fails to state a claim to relief that is plausible on its face." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009) (internal citations and quotations omitted).

"Subject to certain exceptions, the Copyright Act (Act) requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241 (2010). Specifically, Section 411(a) of the Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). In order to register a copyright, Section 409 of the Copyright Act requires an application on the Register of Copyrights' prescribed form, including, among other information, the name of the author of the work being registered and the title of the

---

[10] Here, under the incorporation by reference doctrine, the court considered the certificates of copyright registration and other materials related to the certificates.

work. 17 U.S.C. § 409(2) & (6). Here, the undisputed facts before the court show that the registration applications upon which plaintiff relies did not disclose the names of the authors of the individual photographs nor the title of any individual photograph. Although plaintiff was following a procedure which it believed was in compliance with the Copyright Act, that procedure ignored the requirements set out in Section 409(2) and (6).

That procedure also ignored the limitations on registration imposed by Section 103 of the Copyright Act. There is no question but that compilations can be registered by the author of the compilation. Section 103(a) of the Copyright Act expressly provides that compilations are proper, lawful "subject matter of copyright[.]" 17 U.S.C. § 103(a). However, Section 103(b) provides that "[t]he copyright in a compilation ... extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." Id. § 103(b). Section 103(b) is neither unclear nor ambiguous. Section 103(b) cannot be amended by regulation or informal opinion(s) or advice to claimants by the Copyright Office.

Plaintiff argues that it is not relying on Section 103, a contention that is not surprising given that Section 103 creates a problem for plaintiff. Section 103 plainly states that a compilation of works can effect registration as to the individual works if the

-6-

copyright claimant owns all of the copyrights <u>and</u> is also the author of the individual works in the compilation.  17 U.S.C. § 103(b).  It is undisputed that plaintiff was not the author of all the individual works in the compilations it registered.  What plaintiff is arguing here seems to be the antithesis of what Section 103(b) states as controlling copyright law.  Perhaps recognizing this, plaintiff's principal argument is that Section 411(b)(1) of the Copyright Act provides an escape from the discrete provisions of Section 409.

As set out above, Section 411(a) provides that, "subject to the provisions of subsection (b), no civil action for infringement of a copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Section 411(b)(1) provides:

> A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--
>
> > (A) the inaccurate information was included on the application for copy-right registration with knowledge that it was inaccurate; and
> >
> > (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

<u>Id.</u> § 411(b)(1).  Plaintiff argues that the registration applications at issue contained "inaccurate information."

Plaintiff, however, conflates the term "inaccurate" with another concept:  "incomplete" – that is, the omission of known information.

-7-

These terms are very different.  It is clear from the record before the court that there was no inaccuracy in plaintiff's registration applications.  No author's name was garbled; no title of a work was misstated.  Rather, plaintiff's registration applications totally omitted the names of most of the authors of the works making up each registered compilation, and plaintiff provided no title for any of the individual works contained in any of the compilations.  Plaintiff's mistake  (if one occurred) was not about the facts.  Unfortunately, plaintiff's mistake is one of law, not one of its own making.

At oral argument, plaintiff's counsel raised an argument based on Section 408(c)(1) of the Copyright Act, which provides that copyright "regulations may ... permit ... a single registration for a group of related works."  17 U.S.C. § 408(c)(1).  While the regulations may permit such registrations, they do not permit a copyright owner to ignore the requirements of Section 409 when applying for a registration for a group of related works. See, e.g., 37 C.F.R. § 202.3(b)(5)(ii)("A single registration may be made on one application for both a database published on a single date, or if unpublished, created on a single date, and also for its copyrightable revisions, including updates covering a three-month period in a single calendar year.").  More importantly, Section 408(c)(1) does not suggest that a copyright owner may ignore the requirements of Section 409 when registering a group of related works.

-8-

Plaintiff duly registered its compilations as automated databases or CD-ROMS. But, in this case, those registrations did not effect registration of the copyrights in the individual images that make up the compilations. This holding is consistent with the holdings in Muench Photography, Inc. v. Houghton Mifflin Harcout Publishing Company, --- F. Supp. 2d ---, 2010 WL 1838874 (S.D.N.Y 2010), and in Bean v. Houghton Mifflin Harcourt Publishing Company, Case No. CV10-8034-PCT-DG C, 2010 WL 3168624  (D. Ariz. Aug. 10, 2010) (Bean II).

The court is unpersuaded by plaintiff's arguments that Muench (and no doubt Bean II as well) was wrongly decided.  While this court does not necessarily agree that Bean v. McDougal Littell, 669 F. Supp. 2d 1031 (D. Ariz. 2008) (Bean I) was distinguishable from Muench on the basis of the differences in registration requirements for a serial and an automated database, plaintiff's arguments based on Bean I are misdirected.  Bean I does not raise the same question that is before the court in this case, namely whether a copyright claimant's submission to the Copyright Office complied with Section 409.  Rather, Bean I simply assumes that registration of a compilation effects registration of the individual works making up the compilation.  There is no analysis of the Section 409 issue in Bean I.  Rather, Bean I appears to have taken the Corbis registration of its compilation as prima facie evidence of the registration of the copyrights associated with the individual photographs in the

compilation.  Here, it is clear that plaintiff did not effect a separate registration of the individual photographs as distinguished from the compilation, which is itself a "copyrightable" work. Section 103(b) underscores the distinction between registration of the compilation and registration of the individual works that make up the compilation.  Plaintiff did not even attempt to register the copyrights to the individual works in the mistaken belief that it did not have to do so.

The court concludes that plaintiff's registrations of its compilations of photographs did not effect the registration of the copyrights in the individual photographs.  Because plaintiff did not register the copyrights in the individual images, it cannot maintain an action for the infringement of those images.

## Conclusion

Defendants' motion to dismiss[11] is granted.  The clerk of court shall enter judgment dismissing plaintiff's complaint with prejudice.

DATED at Anchorage, Alaska, this  21st  day of September, 2010.

/s/ H. Russel Holland
United States District Judge

---

[11]Docket No. 57.